People v Jordan (2024 NY Slip Op 05918)

People v Jordan

2024 NY Slip Op 05918

Decided on November 27, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 27, 2024

CR-23-1754
[*1]The People of the State of New York, Respondent,
v
Jeremiah L. Jordan, Appellant.

Calendar Date:October 9, 2024

Before:Garry, P.J., Reynolds Fitzgerald, Fisher, McShan and Powers, JJ.

Thomas R. Villecco, Albany, for appellant.
Matthew Van Houten, District Attorney, Ithaca (Andrew J. Bonavia of counsel), for respondent.

McShan, J.
Appeal from a judgment of the County Court of Tompkins County (John C. Rowley, J.), rendered August 25, 2023, upon a verdict convicting defendant of the crimes of murder in the second degree and tampering with physical evidence.
In November 2022, defendant was charged by indictment with murder in the second degree, criminal possession of a weapon in the third degree and tampering with physical evidence predicated on accusations that he intentionally caused the death of the victim by stabbing him in the neck with a knife and subsequently disposed of the knife, a rubber glove and a coat. Relevant to this appeal, the People provided discovery that month, along with a certificate of compliance and readiness for trial declaration. Included in the discovery notice was an exhibit that listed all of the tangible objects related to the case, including, in relevant part, a "[p]urple nitrile-type glove w[ith ]bloodstaining from dumpster" — the item was labeled "A61" and was found in the "[d]umpster in alley" (hereinafter the first glove) — and a "[g]love in mulch bed at 7-Eleven" — the item was marked "41593" (hereinafter the second glove). In the notice, the People indicated their intent to use both items at trial or a pretrial hearing. After these items, among others, were submitted for forensic analysis, the People moved to compel defendant to provide a sample of his buccal cells. Specifically, the People affirmed that swabs from the first glove, among other items, were tested for DNA and that the results were consistent with an unknown male donor, thereby necessitating defendant's DNA to complete the analysis.
On July 5, 2023, two days before trial was set to commence, defendant sent a letter to County Court asserting that he had received new discovery from the People on June 28, 29 and 30. Defendant specifically noted that the recently provided discovery contained five new photographs of a glove found at a gas station across the street from the library and along the path defendant and the victim traveled. Defendant argued that the new photographs had caused confusion, as defendant previously understood that all the DNA evidence provided by the People related to the first glove and that the second glove had not been tested at all. According to defendant, he mistakenly believed that the results of the testing revealed the existence of three different DNA profiles on the first glove; however, following the People's recent discovery disclosure, defendant realized that the DNA analysis established two DNA profiles on the first glove belonging to the victim and defendant, and that the third, unidentified DNA profile pertained to the second glove.
As a result, defendant moved for dismissal of the indictment or, in the alternative, preclusion of any DNA analysis and/or any evidence related to both gloves based upon a violation of CPL article 245. In response, the People argued, among other things, that defendant's claim of prejudice lacked merit given that defendant [*2]had information that the two gloves existed for several months. A hearing regarding the late disclosure was held on July 7, 2023, the same day the trial was originally scheduled to begin. Following the hearing, County Court agreed that there was a delayed disclosure as contemplated in CPL article 245 and determined that the appropriate remedy was a three-day adjournment of trial. On July 13, 2023 — three days after trial had commenced — defendant filed a motion asking County Court to, in sum and substance, dismiss the indictment or, in the alternative, preclude the People from presenting any DNA evidence. County Court denied the motion and defendant was ultimately convicted by a jury of murder in the second degree and tampering with physical evidence.[FN1] County Court later sentenced defendant to a prison term of 20 years to life on the conviction for murder in the second degree and to a lesser concurrent term of incarceration for the tampering with physical evidence conviction. Defendant appeals.
We affirm. On appeal, the parties do not dispute that the disclosure at issue encompassed discoverable material pursuant to CPL article 245 and was submitted belatedly (see CPL 245.80 [1]). Consequently, the discrete issue before us pertains to the propriety of the remedy imposed by County Court for the People's late disclosure.[FN2] Upon determining that discoverable material has been belatedly disclosed, CPL 245.80 (1) (a) mandates the court to "impose a remedy or sanction that is appropriate and proportionate to the prejudice suffered by the party entitled to disclosure." The court has the discretion to, among other things, grant a continuance, exclude evidence, or order dismissal of all or some of the charges (see CPL 245.80 [2]). Dismissal of any or all charges may only be ordered if the court determines, "after considering all other remedies, [that doing so] is appropriate and proportionate to the prejudice suffered by the party entitled to disclosure" (CPL 245.80 [2]).
At the outset, defendant's suggestion that County Court improperly required an enhanced demonstration of prejudice is unpersuasive. Although defendant is correct in asserting that the prejudice need not be "substantial" in order to justify a remedy, the degree of any claimed prejudice was relevant in determining a proportionate remedy (see CPL 245.80 [1] [a]). To that end, we find that County Court properly exercised its discretion in imposing an appropriate remedy relative to the prejudice suffered by defendant based on the belated disclosure. Defendant primarily contends that the belated production of photographs of the second glove caused "confusion," as it spurred his realization that the statement in a prior DNA analysis report referencing an unidentified third party was not applicable to the first glove.[FN3] However, defendant's own representations to County Court in his initial request for a remedy or sanctions conceded that the timely-provided DNA analysis report contained, and specifically [*3]identified, results for both the first and second glove by reference to the previously provided exhibit list. To that end, defendant's suggestion in his letter to the court that the location of the second glove was not previously identified is contrary to the record. Accordingly, we discern minimal, if any, prejudice from the belated disclosure of photographs of the second glove. Our conclusion is the same as it pertains to the remaining substance of the disclosure which, according to defendant, largely consisted of documents underlying the DNA analysis, as defendant was provided ample time to review those documents prior to the People presenting any testimony concerning the forensic testing. Altogether, considering the substance of the discovery provided and circumstances of the case, we find that County Court's decision to provide a continuance was an appropriate exercise of discretion (see People v Bookman, 224 AD3d 1269, 1270 [4th Dept 2024]; see also People v Jenkins, 98 NY2d 280, 284 [2002]; People v Gaillard, 215 AD3d 459, 460-461 [1st Dept 2023], lv denied 40 NY3d 934 [2023]).
Garry, P.J., Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: The People voluntarily dismissed the charge for criminal possession of a weapon in the third degree following jury selection.

Footnote 2: Defendant contends that County Court's remedy of an adjournment was unlawful. That contention is without merit. Although the People provided belated discovery, doing so was not a violation of the 15-day time period for serving supplemental discovery pursuant to CPL 245.10 (1) (b), as the material did not encompass a "list of all misconduct and criminal acts of the defendant" that were not included in the relevant charging instrument (CPL 245.20 [3]).

Footnote 3: Although defendant suggests that he had received a handwritten note indicating that the second glove would not be tested, that note does not appear in the record.